UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DARRYL GRATE,

                    Petitioner,

        -against-                        MEMORANDUM & ORDER
                                         06-CV-4981(JS)
CARL HUNT,

                    Respondent.
----------------------------------X
APPEARANCES:
For Petitioner:      Darryl Grate, Pro Se
                     86A1594
                     Groveland Correctional Facility
                     7000 Sonyea Road
                     Sonyea, New York 14556

For Respondent:      Judith R. Sternberg, Esq.
                     Nassau County District Attorney's Office
                     262 Old Country Road
                     Mineola, New York 11501


SEYBERT, District Judge:

        Darryl Grate ("Grate" or "Petitioner"), proceeding pro

se, petitions the Court for a writ of habeas corpus pursuant to 28

U.S.C. § 2254.  For the following reasons, Grate's petition is

denied in its entirety.

                 FACTS AND PROCEDURAL HISTORY

        On June 29, 1984, Petitioner and an accomplice entered

the office of the General Oil Distributors and ordered twenty-one-

year-old Arthur Licurse, an employee, and John Huebner, a customer,

to lie face down on the floor.  Petitioner then shot Licurse in the

neck and stole his and Huebner's wallet.  Licurse  bled to death

from the gunshot wound.

        Petitioner was convicted by a jury sitting in the Nassau

County Court of two counts of Murder in the Second Degree and two counts of Robbery in the First Degree.  The Appellate Division, Second Department affirmed the judgment of conviction, People v. Grate, 155 A.D.2d 553 (N.Y. App. Div. 2d Dep't 1989), and on March 19, 1990, the New York State Court of Appeals denied leave to appeal.  Thereafter, Petitioner filed a writ of error coram nobis alleging that he received ineffective assistance of appellate counsel because his counsel failed to argue that the prosecutor exercised peremptory challenges on the basis of race, in violation of Batson v. Kentucky, 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712 (1986).  The Appellate Division rejected the petition.  People v. Grate, 254 A.D.2d 498 (N.Y. App. Div. 2d Dep't 1998).

On April 25, 1997, Grate filed a petition for a writ of habeas corpus with this Court arguing, inter alia, that he received ineffective assistance of appellate counsel.  On September 30, 2002, the Honorable William G. Young granted the petition "unless the government . . . allow[ed] [Petitioner] an opportunity to present an appeal to the appropriate state court as if the Batson issue had been properly presented, or provide[d] Grate with a new trial."  Grate v. Stinson, 224 F. Supp. 2d 496, 520 (E.D.N.Y. 2002).  Following that decision, the Appellate Division vacated its previous order and permitted both parties to reargue Petitioner's application for a writ of error coram nobis.  People v. Grate, 6 A.D.3d 627 (N.Y. App. Div. 2d Dep't 2004).

On April 19, 2004, the Appellate Division issued a decision finding that Petitioner "made a prima facie showing of purposeful discrimination by the prosecutor in his exercise of peremptory challenges against several black prospective jurors, and therefore [was] entitled to an inquiry into the prosecutor's explanations for the challenges." People v. Grate, 6 A.D.3d 627, 628. (N.Y. App. Div. 2d Dep't 2004). The Appellate Division held Petitioner's application for a writ of error coram nobis in abeyance and remanded the case to the Nassau County Court "to afford the prosecutor the opportunity to offer race-neutral reasons for the challenges and, if he does so, for the defendant to establish that these reasons are pretextual." Id.

On August 5, 2004, the Nassau County Court conducted a hearing wherein Nassau County Assistant District Attorney Fred Klein ("ADA Klein") testified, with the assistance of his trial notes, as to his recollection of the jury selection process. ADA Klein's trial notes did not contain any reference to the juror's races. On June 21, 2005, the County Court filed a Report to the Appellate Division finding that the prosecutor satisfied his burden of providing race-neutral reasons for his peremptory challenges, and that Petitioner had not established that the reasons were pretextual. On December 27, 2005, the Appellate Division issued a decision denying Petitioner's application for a writ of error coram nobis and agreeing with the County Court's findings. People v.

Grate, 24 A.D.3d 797 (N.Y. App. Div. 2d Dep't 2005).

On September 5, 2006, Grate filed the instant Petition arguing that the prosecution failed to satisfy its burden of providing race-neutral reasons for its peremptory challenges of Black prospective jurors.

DISCUSSION

## I. Federal Habeas Review of State Convictions

Petitioner filed this action after the April 24, 1996, effective date of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, AEDPA's provisions apply to his case. Williams v. Taylor, 529 U.S. 362, 402, 120 S. Ct. 1479, 1518, 146 L. Ed. 2d 389 (2000). Under the provisions of 28 U.S.C. § 2254(d), a habeas corpus application must be denied unless the state court's adjudication on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This deferential review is applied as long as the "federal claim has been 'adjudicated on the merits' by the state court." Cotto v. Herbert, 331 F.3d 217, 231 (2d Cir. 2003). "A state court adjudicates a petitioner's federal constitutional claims on the merits when it (1) disposes of the claim on the merits, and (2)

reduces its disposition to judgment." <u>Norde v. Keane</u>, 294 F.3d 401, 410 (2d Cir. 2002) (internal citations and quotations omitted).

"Clearly established federal law refers to the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision." <u>Howard v. Walker</u>, 406 F.3d 114, 122 (2d Cir. 2005) (internal citations and quotations omitted). A decision is "contrary to" established federal law if it either "applies a rule that contradicts the governing law set forth in" a Supreme Court case, or it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [their] precedent." <u>Penry v. Johnson</u>, 532 U.S. 782, 792, 121 S. Ct. 1910, 150 L. Ed. 2d 9 (2001) (internal quotations and citations omitted). A decision is an "unreasonable application of" clearly established Supreme Court precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." <u>Penry</u>, 532 U.S. at 792. Accordingly, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." <u>Williams</u>, 529 U.S. at 411.

"[A] determination of a factual issue made by a State

court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1).

As a result, Petitioner bears the burden of "rebutting the presumption of correctness by clear and convincing evidence." <u>Id.</u>

This is "particularly important when reviewing the trial court's assessment of witness credibility." <u>Cotto</u>, 331 F.3d at 233 (internal citations and quotations omitted).

II. <u>Petitioner Received a Fair Trial</u>

The Supreme Court ruled in <u>Batson</u> that the Equal Protection Clause of the Fourteenth Amendment "forbids the prosecutor to challenge potential jurors solely on account of their race." <u>Batson</u>, 476 U.S. at 89. The Supreme Court outlined a three-step analysis for determining whether the exercise of a peremptory challenge violates the Equal Protection Clause:

> First, the defendant must make a prima facie showing that the prosecutor has exercised peremptory challenges on the basis of race. Second, if the requisite showing has been made, the burden shifts to the prosecutor to articulate a race-neutral explanation for striking the jurors in question. Finally, the trial court must determine whether the defendant has carried his burden of proving purposeful discrimination.

<u>Hernandez v. New York</u>, 500 U.S. 352, 358-59, 111 S. Ct. 1859, 114 L. Ed. 2d 395 (1991) (citing <u>Batson</u>, 476 U.S. at 96-98).

"Once a trial judge finds that a prosecutor has exercised his peremptory challenges without discriminatory intent, that finding 'may not be disturbed on appeal unless it is clearly erroneous.'" <u>United States v. Brown</u>, 352 F.3d 654, 661 (2d Cir.

2003) (quoting <u>United States v. Franklyn</u>, 157 F.3d 90, 97 (2d Cir. 1998). Here, Petitioner has failed to establish that the state court's findings are erroneous. A review of the record reveals that the prosecution provided race-neutral reasons for challenging the Black jurors. The Court notes that the prosecutor's explanations need not be "persuasive or even plausible." <u>Purkett v. Elem</u>, 514 U.S. 765, 768, 115 S. Ct. 1769, 131 L. Ed. 2d 834 (1995). The Supreme Court noted in <u>Purkett</u> that "unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race-neutral." <u>Id.</u> It is sufficient, regardless of whether they are valid or tactically sound, that "they are the government's reasons" for purposes of the second step. <u>United States v. Thomas</u>, 320 F.3d 315 (2d Cir. 2003). Because the prosecutor gave facially neutral reasons for each of its peremptory challenges of black jurors, as explained below in detail, the second step has been satisfied.

A.   <u>Mr. Meeks</u>

At the <u>Batson</u> hearing before the County Court, ADA Klein testified that he exercised a peremptory challenge against a potential juror, Mr. Meeks, because Mr. Meeks was single and appeared to be withdrawn and timid. ADA Klein explained that he looked for strong personalities because he believed that timid individuals might not be able to convict defendants who are facing a significant term of incarceration, and he preferred married

people because they tended to be more mature.  Finally, ADA Klein testified that Mr. Meeks had worked in a bank that had been robbed more than once, and on at least one occasion the perpetrator had not been caught.  ADA Klein testified that he "detected from [Mr. Meeks'] responses some problem with the police as a result of one person not being apprehended."  (Tr. Aug. 5, 2004 22.)  The Court finds that there was more than sufficient reason to find that the prosecutor's peremptory strike of Mr. Meeks was race-neutral and the state court's finding proper.  See Hall v. McCray, No. 03-CV-4830, 2005 U.S. Dist. LEXIS 8568, at *26 (S.D.N.Y. May 5, 2005) ("The marital status of a prospective juror is considered a race-neutral fact that may be taken into account during jury selection.").

B.  Ms. Davis, Mr. Gilchrest, and Mr. Scott

ADA Klein testified that during the jury selection, Ms. Davis, Mr. Gilchrest, and Mr. Scott, three Black jurors, were seated next to each other.  At that point, Mr. Klein had six peremptory challenges left, and the defense counsel had one.  Klein testified that he wanted to seat two potential jurors, Mrs. Connolly and Mr. Collucci, who were seated at the end of the panel, because both had close ties to members of law enforcement.  However, there were five jurors seated before Mrs. Connolly and Mr. Collucci, including Ms. Davis, Mr. Gilchrest, and Mr. Scott, and two White jurors, Mrs. Spelling and Mrs. Bertman.  Because ADA

Klein felt that it was a priority to seat Mrs. Connolly and Mr. Collucci, Klein decided to use five peremptory challenges to exclude all five jurors seated before Mrs. Connolly and Mr. Collucci.  The Court finds that ADA Klein provided a sufficient race-neutral reason for utilizing a peremptory challenge to exclude Ms. Davis, Mr. Gilchrest, and Mr. Scott.

C.    Mr. White

ADA Klein testified that he challenged Mr. White because he had been a member of a hung jury.  "A prospective juror's prior experience of serving on a hung jury has been recognized as a race-neutral reason for a peremptory challenge."  Christian v. Artus, No. 04-CV-10174, 2006 U.S. Dist. LEXIS 59976, at *22 (S.D.N.Y. Aug. 22, 2006); see also United States v. Ruiz, 894 F.2d 501, 506 (2d Cir. 1990) (finding that the government provided a race-neutral reason for its decision to strike a juror who had participated in two prior cases that resulted in hung juries).

D.    Mrs. Hatcher

ADA Klein testified that he excused Mrs. Hatcher for cause because Mrs. Hatcher told the trial court that her sister had been killed and she felt very uncomfortable about sitting as a juror in a case involving the murder of a young man.  The trial judge, after listening to Mrs. Hatcher's concerns, found that the challenge for cause was appropriate.  The Court finds that the trial court correctly found that the for-cause challenge was

9

appropriate.

In sum, the Court agrees with the Appellate Division that "the prosecutor satisfied his burden of rebutting the prima facie case of purposeful discrimination during jury selection by articulating clear, specific, and race-neutral explanations for the exercise of his peremptory challenges, and that the defendant failed to demonstrate that the race-neutral reasons advanced by the prosecutor were pretextual." People v. Grate, 24 A.D.3d 797, 798 (N.Y. App. Div. 2d Dep't 2005). To the extent that Petitioner takes issue with the manner in which his Batson claim was reviewed, the Court finds that the Appellate Division did not err in remanding the matter to the County Court to hold a hearing on the issue. Because the state court's decision was not contrary to or an unreasonable application of Federal law, Petitioner's Batson claim must be denied.

III. A Certificate of Appealability is Denied

The Court will not issue a certificate of appealability in this case. Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C § 2253. The issues involved in this case are not debatable among reasonable jurors, a court could not resolve the issues in a different manner, and the questions involved do not deserve encouragement to proceed further. See Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000).

## CONCLUSION

For the reasons stated above, the Court DENIES Petitioner's writ of habeas corpus in its entirety. The Court will not issue a certificate of appealability. The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     January 11, 2010
           Central Islip, New York